**THOMAS W. LETULI,**
Plaintiff

v.

**GOVERNMENT OF AMERICAN SAMOA,**
Defendant

No. 3133-1975

High Court of American Samoa

Civil Jurisdiction, Trial Division

October 9, 1975

Plaintiff, an American Samoan, filed an action for refund of excise tax paid by him to the Government of American Samoa on the value of two automobiles he brought into the territory when he moved here from the United States. Both vehicles had been purchased in the United States for his personal use when he resided in Illinois. Plaintiff contends that Section 402(a)(3)(C) of Title 34 of the American Samoa Code, which imposes an excise tax on automobiles imported into the territory, is ambiguous. Consequently, he alleges that the tax imposed and collected was

erroneously assessed and therefore void. Defendant, the Government of American Samoa, answered by denying that the statute was ambiguous and argued in its trial brief that "[t]he court should not legislate an exemption [from the excise tax on imported automobiles] under the guise of interpreting the statute where the statute is clear."

The American Samoa Code, Title 34, Chapter 5, Excise Tax, provides, in part, as follows:

§ 401. Imposition of tax; basis

(a) Effective May 31, 1967, an excise tax shall be levied, at the point of entry, on the items listed in section 402 of this title.

\* \* \*

§ 402. Items taxed; amount of tax

(a) The tax on each item shall be:

\* \* \*

(3) Motor vehicles and parts:

\* \* \*

(C) . . . , the tax levied on motor bicycles and automobiles *imported* into American Samoa for a personal or a family use shall be 10 percent of the basis thereof. (Emphasis added.)

■ The ambiguity which plaintiff asserts the existence of involves the meaning of the word "imported." He contends that in the context of excise tax statutes, an article is only imported when the primary purpose for the importation is the acquisition of the article. This is to be distinguished, he argues, from "incidental" importation which has been described as "importation . . . consequent to other primary purposes, such as a change of residence of an individual with his personal effects." Fed. Rev. Rul. 65-317 (1965). Plaintiff contends that Section 402(a)(3)(C) of Title 34 should be interpreted so as to exempt from excise taxation automobiles "incidentally" imported. His argument, though well reasoned, is ill founded.

■ Although, as plaintiff states, the Federal government as well as Hawaii and California have chosen to exclude so-called "incidental" imports from their excise or use taxes, the territory of American Samoa has, in an exercise of its sovereignty, chosen to include them. There is simply nothing to indicate a legislative intent to do otherwise and we have been presented with no argument to the effect that the Fono does not possess the power to impose this type of tax on such articles.

■ The American Samoa Code provides that in construing territorial statutes "[w]ords are to be understood in their ordinary sense . . ." unless defined or explained otherwise. 1 A.S.C. § 304 (1973). The common meaning of the word "imported" is the same as its commercial and legal meaning. We hold that the mere fact that it is used in the context of an excise tax statute does not justify attributing to it a meaning other than the one it has in general usage. Sands, Statutes and Statutory Construction, §§ 47.27–47.31 (1972). Plaintiff bases his argument that the meaning of "imported" is ambiguous on the treatment given to imports under the excise tax statutes of other jurisdictions. In so doing, he has attempted to use those enactments to create an ambiguity rather than to resolve one. Ultimately, this approach works against him.

The fact that the United States Treasury Department has promulgated a regulation which expressly exempts "incidental" imports from the operation of the federal excise tax statute, indicates that without such administrative rule making the federal statute would, in fact, cover both "incidental" and primary purpose imports. Treas. Reg. 48.4218-2(b); Int. Rev. Code of 1954, § 42.8. Of course, there is a possibility that the same result could have come about through a judicial interpretation of the enactment based upon such extrinsic evidence of intent as legislative history. Clearly, however, the executive branch of the

Government of American Samoa has not chosen to similarly restrict the scope of the territorial excise tax.

In addition, the statutory enactments of Hawaii and California, cited by plaintiff, make express provision for the exemption from use tax coverage of automobiles brought within their boundaries. They even go so far as to provide that only automobiles which have been acquired and substantially used beyond such boundaries may be so treated. West's Ann. Rev. & T. Code § 6248 (West's 1970); Haw. Rev. Stat. § 238-1(5) (1968).

Thus, we are asked to do judicially that which have been expressly done in other jurisdictions by statute or administrative regulation. We believe that under the present circumstances, where there is no ambiguity apparent on the face of the statute and the meaning of the terms used are plain, it would be inappropriate to restrict its application by resorting to statutory interpretation, particularly when the only indications of contrary legislative intent which were urged upon the court were statutes in other jurisdictions concerning the same subject. While we recognize the extreme difficulty in American Samoa of proving legislative intent due to the unavailability of such important extrinsic evidence as legislative history, we think that in this case there is no need to resort to any process of interpretation.

For these reasons, the Court rules that the excise tax collected from the plaintiff was not erroneously assessed and he is not entitled to a refund thereof. Judgment shall be entered in favor of defendant and against plaintiff.

## On Motion for New Trial

We have reviewed the decision in this case, and carefully considered the brief filed in support of a Motion for a New Trial. We see no reason to change the decision as filed, and, therefore

IT IS ORDERED that the Petition for New Trial is hereby denied. If the defendant wishes to file a notice of appeal, he must do so within 10 days after this Order is entered. 11 A.S.C. § 5121.